UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 0 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
)
v. )
) Criminal No. 03-0440 (ESH)
TONY HERRION, )
)
      Defendant. )
)

## MEMORANDUM OPINION

On October 18, 2005, the Court of Appeals remanded the record in this case in accordance with *United States v. Coles*, 403 F.3d 764 (D.C. Cir. 2005), to permit this Court to determine "whether it would have imposed a different sentence materially more favorable to the defendant had it been fully aware of the post-*Booker* sentencing regime." *Id.* at 770. Having obtained and considered the views of counsel, the Court concludes that it would not have imposed a sentence materially more favorable to defendant under the advisory scheme of *United States v. Booker*, 543 U.S. 220 (2005).

After a jury convicted him of violating 18 U.S.C. § 922(g)(1), the Court sentenced defendant to 240 months pursuant to the armed career criminal provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, based in part on defendant's prior conviction for escape. Defendant's arguments against application of these provisions are unavailing. While defendant relies on the Supreme Court's post-*Booker* vacation of the judgment in *United States v. Thomas*, 361 F.3d 653 (D.C. Cir. 2004) -- a decision holding escape to be a crime of violence under the Sentencing Guidelines -- the Court of Appeals has since reaffirmed its original opinion. *See Thomas v. United States*, 125 S. Ct. 1056 (2005) (mem.) (vacating judgment and remanding case to the



Court of Appeals "for further consideration in light of *United States v. Booker*"); *United States v. Cook*, No. 02-3121 *et al.*, 2005 WL 3676625, at *1 (D.C. Cir. 2005) (per curiam) (affirming judgments based on earlier opinion). Defendant's reliance on *United States v. Shepard*, 544 U.S. 13 (2005), is similarly misplaced, as the rule announced in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), remains. Defendant's arguments concerning his prior escape conviction are accordingly without merit.

Defendant also urges the Court to consider a more favorable sentence in light of the various sentencing factors outlined in 18 U.S.C. § 3553(a), as well as the downward departure provisions of U.S.S.G. § 4A1.3, contending that his constructive possession of a firearm was neither violent nor exceptionally harmful, that a lesser sentence would be sufficient to promote his respect for the law, that he will benefit from substance abuse counseling in prison, and that the applicable Guideline overstates his criminal history. The Court, however, cannot conclude that it would have imposed a materially different sentence in light of these considerations. In sentencing defendant to 240 months, the Court declined to impose the minimum Guidelines' sentence of 235 months and indicated that it "certainly . . . would not downwardly depart," noting that defendant's "very troubling history" included "a large number of prior offenses, including ones involving guns and violence." Sentencing Tr. at 8 (May 27, 2004). These concerns survive *Booker*.

Accordingly, while the Court recognizes that it now has discretion to impose a non-Guideline sentence under *Booker*, it has concluded, based on a review of the record and the factors listed in 18 U.S.C. § 3553(a), that it would reimpose the original sentence of 240 months,

for that sentence "is sufficient, but not greater than necessary, to comply with the purposes"of sentencing set forth in 18 U.S.C. § 3553(a).

*[signature]*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 31, 2006