UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 0 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 03-00440 (ESH) |
| | ) |
| TONY HERRION, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Defendant has filed a *pro se* "Motion to Stay Judgment," in which he asks this Court to

"'[s]tay[]' and review[]" his sentence pursuant to 18 U.S.C. § 3582 or 18 U.S.C. § 3742. (Mot.

at 5.) For the reasons explained herein, defendant's motion will be denied.

After a jury convicted defendant of having violated 18 U.S.C. § 922(g)(1), this Court

sentenced him to 240 months' incarceration pursuant to the armed career criminal provisions of

18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. Defendant appealed his sentence and, in light of

*United States v. Booker*, 543 U.S. 220 (2005), the D.C. Circuit remanded defendant's case to this

Court for the limited purpose of determining whether the Court "would have imposed a different

sentence, materially more favorable to the defendant, had it been fully aware of the post-*Booker*

sentencing regime." *United States v. Herrion*, No. 04-3069, 2005 U.S. App. LEXIS 22462, at

*1–2 (D.C. Cir. Oct. 18, 2005) (citing *United States v. Coles*, 403 F.3d 764, 767 (D.C. Cir.

2005)). On remand, taking into account both the sentencing factors outlined in 18 U.S.C.

§ 3553(a) and the downward departure provisions of U.S.S.G. § 4A1.3, this Court determined

that it would not have imposed a different sentence under *Booker*. *United States v. Herrion*, No.

03-0440, slip op. at 2–3 (D.D.C. Feb. 2, 2006). Defendant again appealed, and the D.C. Circuit

affirmed. *See United States v. Herrion*, No. 04-3069, 2007 U.S. App. LEXIS 194, at *1 (D.C. Cir. Jan. 4, 2007). The mandate issued on March 6, 2007.

Now that defendant's appeal has been decided, he cannot obtain review of his sentence under 18 U.S.C. § 3742. That statute applies to cases on direct review. *See* 18 U.S.C. § 3742(a). Accordingly, defendant must rely on 18 U.S.C. § 3582.

Under § 3582, a district court may modify a previously imposed term of imprisonment in three sets of circumstances: (1) "upon motion of the Director of the Bureau of Prisons," (2) "to the extent . . . expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," or (3) when the term of imprisonment to which the defendant was sentenced "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c) (2006). In this case, the first two sets of circumstances clearly do not apply. Plaintiff presumably intends to rely upon § 3582(2), which permits modification of sentences in the third set of circumstances. However, because *Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission, § 3582(2) does not apply.

Thus, the Court lacks the authority to modify defendant's sentence. Even if the court had such authority, however, it would not exercise it. Defendant has a "very troubling history" that includes "a large number of prior offenses," among them a conviction for escape and convictions for crimes "involving guns and violence." Sentencing Tr. at 8 (May 27, 2004). Given this history, if review of defendant's sentence were permissible here, the Court would again affirm the original sentence, just as it did after the D.C. Circuit's *Coles* remand.

For the foregoing reasons, defendant's "'Motion to Stay Judgment' to Reconsider the Sentence Unlawfully Imposed Pursuant to Titles 18 U.S.C. [§] 3582, 18 U.S.C. [§] 3742" is **DENIED**.

Ellen S Huvelle

ELLEN SEGAL HUVELLE
United States District Judge

Date:  April 3, 2007

3